IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILBERT CHADWICK,                    )
                                     )
       Plaintiff,                    )
                                     )
vs.                                  )    CIVIL NO. 09-cv-059-DRH
                                     )
ROGER E. WALKER, *et al.*,           )
                                     )
       Defendants.                   )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Gilbert Chadwick, an inmate at the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## CLAIM 1

The first claim involves Chadwick's inguinal hernia and the resulting pain. While he was confined at the Shawnee Correctional Center, he experienced severe pain associated with his medical condition and requested surgery to alleviate the discomfort. The doctor there did not approve his request because the examination showed that the hernia was reducible and therefore did not require surgery. On February 7, 2008, Chadwick was transferred to Pinckneyville Correctional Center. He set up an appointment with Defendant Dr. Obadina to request surgery for his condition. He told the doctor that his hernia was flaring up on a regular basis and that he was in constant pain because his pain medication had run out. Obadina also did not approve the request for surgery, stating that the hernia was reducible, and instead prescribed more pain medication. Around the beginning of November 2008, Chadwick went to see Obadina again because of continued discomfort and trouble using the restroom. Obadina told him that his problems using the restroom had nothing to do with his condition and updated his pain prescription. Chadwick alleges that Obadina is deliberately indifferent to his medical needs, and not allowing him to get surgery for his condition constitutes cruel and unusual punishment and in violation of his Eighth Amendment rights.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Furthermore, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

In this case, in order for Chadwick to establish a deprivation of his due process right to adequate medical care, he needs to demonstrate that his condition was "objectively, sufficiently serious," and that Obadina acted with "deliberate indifference to [his] health or safety." First of all, the allegations indicates that Chadwick's condition was not sufficiently serious. Two doctors who examined his condition concluded that the hernia was reducible and did not require surgery, and

both doctors provided him with pain medication. Therefore, they did not fail to treat the condition; they simply choose a course of treatment that was different from what Chadwick wanted. However, given the doctor's examination results, failure to treat the condition with surgery would not result in further significant injury because they concluded that there was no existence of an injury that required surgery. Furthermore, the pain medication took care of the pain, and thus the medical condition did not significantly affect Chadwick's daily activities.

Second of all, nothing in the situation suggests that Obadina was deliberately indifferent to his health and safety. He provided Chadwick with pain medication and updated his prescription when necessary. Additionally, Chadwick's disagreement with doctor's chosen course of treatment does not constitute deliberate indifference under the Eighth Amendment. Therefore, his Eighth Amendment claim is without merit, and this claim is dismissed with prejudice.

## CLAIM 2

The second claim involved loss of good time credit that resulted from a misunderstanding from Chadwick's health condition. While he was confined at the Shawnee Correctional Center, he received a ticket for sexual misconduct for "adjusting" his hernia during a dentist appointment; apparently the dentist saw Chadwick's hand fidgeting at his groin area and made other assumptions about the nature of that activity. After the disciplinary proceeding, Chadwick was sent to segregation and transferred to Pinckneyville Correctional Center, a higher level security penitentiary.

A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Chadwick's sentence. As such, Chadwick does present a cognizable due process claim regarding good time credit revoked in this disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after

he has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.* to consider the merits of his claim. Accordingly, this claim is dismissed without prejudice to Chadwick bringing his claims in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

## OTHER DEFENDANTS

Chadwick also lists Roger E. Walker, Jr., Sherry Benton, Jody L. Hathaway, Unknown Director of Nursing at Shawnee, Nurse Kosman, Warden Gates, Sheila Beckman, and Nurse Little, as defendants in the caption of his complaint. However, the statement of claim does not include any allegations against these defendants. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in

the caption.").

The same holds true for Wexford Health; Chadwick makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).

## DISPOSITION

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Chadwick is advised that, within the Seventh Circuit, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: July 27, 2009.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**